■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. FLOYD BOONE, Respondent.— Decision of this court, handed down April 23, 1959 (8 A D 2d 659), amended to read as follows: Appeal by the People from an order of the County Court of Schenectady County, which dismissed an indictment charging defendant with assault in the second degree, on the ground there was unreasonable delay in the prosecution thereof. The defendant was indicted by the January 1958 Grand Jury in the Schenectady County Supreme Court for assault in the second degree and carrying a concealed weapon, arising out of an incident on October 11, 1957. While free on bail on the charges

arising from the incident of October 11, 1957, defendant was again arrested and charged with assault in the second degree on January 16, 1958. The same Grand Jury indicted the defendant on this second charge. Both indictments were sent to County Court. The defendant was brought to trial on the first indictment on March 18, 1958, and he was found guilty of carrying a concealed weapon, a felony. The date for sentence was fixed as May 9, 1958. An information was filed charging defendant with being a second offender, and on May 20, 1958 he was sentenced as a second offender. During these proceedings the second indictment, arising out of the incident of January 16, 1958, was not moved for trial. It would indeed have been improper to move such an indictment for trial before the same jury panel which had seen the defendant convicted of the previous offense and sentenced as a second offender. On June 9, 1958, defendant moved to dismiss the indictment, and on June 10, 1958, the People moved the case for trial on June 17, 1958, the same day as defendant's motion to dismiss was returnable. Thus there was a delay of only 20 days from the time defendant was sentenced on the first charge and the time the second charge was moved for trial. A delay of this length may not be considered unreasonable under any concept of a " speedy trial." We think the People have shown good cause for the very slight delay to satisfy the provisions of section 668 of the Code of Criminal Procedure. Under the circumstances presented by this record the discretion of the court in granting the motion to dismiss the indictment was improvidently exercised. Order reversed, on the law and facts, and indictment reinstated. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.